Steven L. Taggart, ISB No. 8551
**MAYNES TAGGART PLLC**
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: staggart101@gmail.com

*Debtor's counsel*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re: | Case No. 18-40360-JMM |
|---|---|
| ANDERSON FARMS, INC. | Chapter 11 |
| Debtor/Debtor-in-Possession | |

**MOTION FOR USE OF CASH COLLATERAL
AND NOTICE OF INTENT TO OFFER EVIDENCE AND TESTIMONY**

COMES NOW the Debtor and Debtor-In-Possession, Anderson Farms, Inc., by and through counsel, and moves pursuant to 11 USC § 363, Federal Rule of Bankruptcy Procedure 4001(b) and Local Bankruptcy Rule 4001.1 for emergency and permanent authorization to use cash collateral.

This Motion is based upon the following:

1.  DEBTOR. Anderson Farms, Inc., operating under the assumed business names Anderson Trucking and Anderson Transportation is located in the Burley area. It runs 41 trucks hauling a wide array of agriculture-related products throughout Idaho and into Idaho's neighboring states.

2.  AMOUNT & SOURCE. At present those cash collateral proceeds are and are anticipated to be between April 30, 2018 and June 8, 2018:

| Source | Amount of Cash Proceeds |
|---|---|
| Receipts from Trucking & Other Operations | $1,092,133.00 |

The Debtor respectfully requests authorization to use cash collateral on a temporary basis from April 30, 2018 to June 8, 2018 as set forth in the Cash Collateral Budget attached hereto as Exhibit "A". The Debtor's requests such authorization *nunc pro tunc* to the inception of the case to the extent cash collateral may have been used. The Debtor will file a one-year budget as a supplement as soon as possible which will include both income and expenses for that full one-year period and ask for long term use of cash collateral during the pendency of the case.

3. IDENTITY OF ALL ENTITIES WITH ALLEGED SECURED INTERESTS.[1] Debtor believes that its creditors who have security interests can be divided into two categories, those with an interest in its cash collateral and those that do not.

    A. CREDITORS WITH POTENTIAL SECURITY INTERESTS IN CASH COLLATERAL. To the best of Debtor's knowledge, information and belief, the following parties are all the entities who may have alleged secured interests in cash collateral and all have or will be served a copy of this Motion:

        a. Newtek Small Business Finance, LLC[2]

        b. Sterling Commercial Credit, LLC[3]

---

[1] Debtor reserves all rights to contest the validity of any and all liens under applicable state law and the United States Bankruptcy Code.
[2] This creditor has a large Small Business Administration loan with Debtor that is believed, at this time, to be fully secured.

MOTION FOR USE OF CASH COLLATERAL AND NOTICE OF INTENT TO OFFER EVIDENCE AND TESTIMONY
Page 2

  c. Commercial Credit Group Inc.[4]

  d. Kent Capital Corp.[5]

The creditors listed above are believed to have a variety of interests in accounts receivable and other interests of the Debtor. Debtor will file a supplement with a list of accounts receivable.

B. CREDITORS WITH POTENTIAL SECURITY INTERESTS IN THINGS BESIDES CASH COLLATERAL. The Debtor believes that these creditors do not have an interest in cash collateral (their respective interests appear to be in equipment or in cattle[6]), but have listed these creditors here out of abundance of caution and to provide notice to such creditors of this Motion. All have or will be served a copy of this Motion. These creditors are as follows:

  a. VFS US LLC

  b. Marlin Business Bank

  c. Farm Credit Services of America, PCA

  d. Northland Capital Financial Services, LLC

  e. Deere & Company

  f. Hitachi Capital America Corp.

  g. Dakota Financial, LLC

---

[3] This creditor appears to have a perfected lien but Debtor believes nothing is currently owed to this creditor at this time.

[4] This creditor is listed out of an abundance of caution. It purports to have purchased accounts receivables but its arrangement appears to actually be in the nature of an apparently perfected, disguised financing arrangement.

[5] This credit is listed out of an abundance of caution. It purports to have purchased accounts recievables but its arrangement appears to actually be in the nature of an unperfected, disguised financing arrangement.

[6] The Debtor is the substantial shareholder of a separate entity, Anderson Cattle Company LLC, that runs a feed lot/cattle operation and at least one creditor has filed UCC-1s against the Debtor in connection with that operation.

MOTION FOR USE OF CASH COLLATERAL AND NOTICE OF INTENT TO OFFER EVIDENCE AND TESTIMONY
Page 3

    h.  LOL Finance Co.[7]

To the best knowledge, information, and belief of the Debtor the creditors listed above this particular section are the only parties alleging a secured interest in cash collateral.

  4.  SEGREGATED ACCOUNTS.  Debtor'cash on hand is in the process of being transferred to the post-petition DIP account.  Post-petition proceeds will be deposited into the DIP account and expenses will be paid from the same.

  5.  DEMONSTRATION OF NEED.  Debtor requires the use of cash collateral in order to pay its general operating expenses from April 30, 2018 to June 8, 2018 on a temporary basis, as set forth in the corresponding Budget attached as Exhibit "A" and incorporated by reference.  As indicated above, Debtor is preparing a one-year budget and will file such as a supplement. Without immediate and continuing Court permission to use cash collateral pending presentation and confirmation of a chapter 11 Plan of Reorganization, the Debtor will be unable to either operate or reorganize. Debtor requests authorization to use such cash collateral to pay operating expenses, including salaries, insurance, fuel costs and maintenance of its trucks and related equipment.

  6.  ADEQUATE PROTECTION.  The Debtor is willing to give adequate protection to the above-listed creditors by granting a revolving post-petition adequate protection lien in post-petition receivables, to the same extent, value and priority as existed as of the petition date, to the extent of cash collateral actually used, and to the extent that the assets of Debtor do not have a sufficient equity cushion to adequately protect said creditors.  If the Court determines the adequate protection proposed by the Debtor is insufficient, then Debtor requests that a determination be made as to the amount to be paid as adequate protection.

---

[7] This is the sole creditor on the list with a lien in cattle.

MOTION FOR USE OF CASH COLLATERAL AND NOTICE OF INTENT TO OFFER EVIDENCE AND TESTIMONY
Page 4

7. **PRIORITY AND VALIDITY OF SECURITY INTERESTS.** The exact priority of each alleged security interest is undetermined. Further, the Debtor is uncertain whether any of the above-listed creditors may have invalid and/or avoidable security interests. To the extent that adequate protection in the form of cash payments is required by the Court, the Debtor requests that such payments be made to a segregated interest-bearing account that the Debtor-In-Possession will maintain in trust pending determination of the validity and relative priority of the respective security interests, subject to such further restrictions on said account as the parties agree and as the Court deems advisable.

8. **EXPENSES NEEDED ON INTERIM BASIS.** Debtor requests that this Court conduct a preliminary hearing before any final scheduled hearing on this Motion, or grant an *ex parte* order granting the use of cash collateral. The failure to conduct such a preliminary hearing could cause the immediate and irreparable damage to the Debtor's ability to operate, maintain its equipment, pay its employees, provide insurance and successfully reorganize. Debtor needs, on a preliminary basis pending final hearing, the amounts noted in the attached Exhibit "A" for April 30, 2018 through June 8, 2018.

9. **AUTHORITY TO ENDORSE JOINT CHECKS.** In the event the debtor receives any joint check, debtor hereby requests authority to endorse any all joint check in order to deposit the same in the DIP account.

## NOTICE OF INTENT TO PRESENT EVIDENCE AND TESTIMONY

YOU ARE HEREBY GIVEN NOTICE, pursuant to Rule 9014.1 of the Local Bankruptcy Rules, that the Debtor intends to present testimony and evidence at the preliminary and final hearings on this Motion.

DATED:	April 30, 2018

MAYNES TAGGART PLLC


/s/ Steven L. Taggart
STEVEN L. TAGGART

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2018, I filed a copy of the attached MOTION FOR USE OF CASH COLLATERAL AND NOTICE OF INTENT TO OFFER EVIDENCE AND TESTIMONY with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

PARTIES SERVED:

US Trustee
ustp.region18.bs.ecf@usdoj.gov

And as otherwise noted on the Court's Notice of Electronic Filing.

All creditors enumerated above will be served separately.

DATE: April 30, 2018

/s/ Steven L. Taggart
STEVEN L. TAGGART

# Anderson Farms, Inc.

Table 1

| | May | June 1st - 8th | | | | | |
|---|---|---|---|---|---|---|---|
| Cash Receipts | | | | | | | |
| Trucking Income | $850,000.00 | $242,133.00 | | | | | |
| | | | | | | | |
| COGS | | | | | | | |
| Driver Wages | $190,000.00 | $50,667.00 | | | | | |
| Fuel | $255,000.00 | $68,220.00 | | | | | |
| Total COGS | $445,000.00 | $118,887.00 | | | | | |
| Op. Expenses | | | | | | | |
| Admin Wages | $98,500.00 | $26,266.00 | | | | | |
| Workmans Comp. | $24,725.00 | $6,593.00 | | | | | |
| Sterling Medical | $2,400.00 | $640.00 | | | | | |
| Insurance | $43,175.00 | $11,513.00 | | | | | |
| Licenses and Permits | $20,600.00 | $5,500.00 | | | | | |
| Office Expense | $1,665.00 | $444.00 | | | | | |
| Professional Fees | $0.00 | $0.00 | | | | | |
| Rent | $1,100.00 | $294.00 | | | | | |
| Repairs and Maintenance | $93,580.00 | $24,900.00 | | | | | |
| Utilities | $2,000.00 | $533.00 | | | | | |
| Misc | $20,000.00 | $5,300.00 | | | | | |
| Total Op Expenses | $287,745.00 | $76,683.00 | | | | | |
| | | | | | | | |
| Net Cash Flow | $117,255.00 | $46,563.00 | | | | | |

Exhibit "A"